UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CAL YOTHER,

                Plaintiff,                        Case No. 1:12-cv-1147

v.                                                    Honorable Janet T. Neff

STEVE FRIERSON et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. In addition, under FED. R. CIV. P. 12(h)(3), if at any time a court determines that it lacks subject matter jurisdiction, it must dismiss the action. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will abstain from exercising its jurisdiction and dismiss Plaintiff's action without prejudice.

**Factual Allegations**

Plaintiff presently is incarcerated at the Calhoun County Correctional Facility. In his *pro se* complaint, he sues Deputy Steve Frierson and Unknown Part(y)(ies).

Plaintiff alleges the following (verbatim):

> I am writing about Criminal Conduct on the part of Calhoun County Sheriffs Dept. (Deputy Steve Frierson) as well as others involved in conducting a life changing line-up. I have four wittness's to Frierson's conduct and bias toward me by going out of his way to single me out in the line-ups. I do believe 100% (percent) he has some type of relationship with the alleged victim in my case. In the police report the victim can not identify the white male because the face was covered as well as a hoodie on. The description was 5'7" Blonde hair, eyebrows, and severe acne scars. And in the revised (2nd) police report I received a scruffy beard. I have none of these attributes with the exception of a beard. I have enclosed a copy of the Grievance I filed which include the names of 3 of the wittness's who are all willing to testify to the bias in my line-up. What happened today in intake was criminal. Please review the enclosed grievance. I need Deputy Steve Friersons conduct and relation to Rosita Mason addressed.

(Compl., docket #1, Page ID#1.)

**Discussion**

I. Jurisdiction

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court must abstain from addressing Plaintiff's claims under the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).  In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions.  The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts.  *Id.* at 44.  The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court."  *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).  Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case.  First, according to Plaintiff's own allegations, a state judicial proceeding was ongoing when Plaintiff filed his complaint.  Second, state criminal proceedings involve important state interests.  *See e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000).  Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges.  Nothing prevents Plaintiff from presenting his federal claims in the pending state court proceedings.  If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the Younger abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass

or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Here, although Plaintiff alleges that Defendant is biased, he has failed to allege that the proceedings against him were motivated by a desire to harass him or were conducted in bad faith. Plaintiff also does not challenge the constitutionality of the statute under which he has been charged. Further, Plaintiff's allegations are wholly insufficient to demonstrate an extraordinary need for immediate relief. Accordingly, Plaintiff's complaint must be dismissed without prejudice. *See Zalman*, 802 F.2d at 207 n.11 (noting that *Younger* abstention requires dismissal of the complaint).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed without prejudice because the Court must abstain from exercising its subject matter jurisdiction.

A Judgment consistent with this Opinion will be entered.


Dated: February 12, 2013           /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge